## In re FACTOR'S EXTRADITION.

Circuit Court of Appeals, Seventh Circuit.
June 27, 1934.

Newton D. Baker, of Cleveland, Ohio, James A. Reed, of Kansas City, Mo., and S. O. Levinson and G. Gale Gilbert, Jr., both of Chicago, Ill., for petitioner.

EVANS, Circuit Judge.

And now on this 27th day of June, A. D. 1934, comes Rella Factor, applicant herein, upon behalf of John Factor and makes application under the terms and provisions of section 654 of title 18 of the United States Code Annotated for the discharge of the said John Factor and his release from the custody of one Isaac George, as Sheriff and Keeper of the DeKalb County Jail situate at Sycamore, Illinois, and comes also the said Isaac George, as Sheriff and Keeper of the DeKalb County Jail, situate at Sycamore, Illinois, and there appeared before me also Lewis Bernays, British Consul General at Chicago, Illinois, by Franklin R. Overmyer, of Chicago, Illinois, his attorney, and comes also specially Dwight H. Green, United States District Attorney for the Northern District of Illinois, Eastern Division, upon behalf of Cordell Hull, Secretary of State of the United States of America, and the Court having heard the allegations and briefs of the applicant, and having heard and considered testimony, both oral and documentary, and having heard arguments of counsel, and being fully advised in the premises, doth find:

1. That the position of the Secretary of State of the United States of America is evidenced by a certain letter read to me as Judge of the United States Circuit Court of Appeals for the Seventh Circuit, which said letter is from the Secretary of State to the Attorney General of the United States of America, and is in words as follows:

"It would be appreciated if you would instruct the United States Attorney at Chicago, Illinois, to inform Judge Evans that the delay in issuing a warrant to the British Embassy for the surrender of Factor has been due to the desire expressed by the States Attorney at Chicago, Illinois, to have Factor available to give testimony against persons accused of kidnapping him upon the trial of said persons, upon which trial he would, of course, be the principal witness for the prosecution.

"It should probably be called to the Court's attention in this relation that while some of the persons charged with the kidnapping have been tried and convicted it is not certain that this conviction will not be reversed upon appeal, necessitating a new trial, and furthermore that all of the persons so charged have not yet been brought to trial."

2. That the said John Factor, the husband of applicant, is now actually imprisoned and restrained of his liberty and detained by col-

or of authority of the United States in the custody of one Isaac George, as Sheriff and Jailer in and for the County of DeKalb in the State of Illinois, in the County Jail situate at Sycamore, Illinois.

3. That the sole claim and sole authority by virtue of which the said Isaac George, Sheriff and Jailer, as aforesaid, so restrains and detains the said John Factor, the husband of applicant, is a certain document which purports to be a mittimus in writing, a copy of which was annexed to applicant's application for discharge of John Factor under the terms and provisions of section 654 of title 18 of the United States Code Annotated, marked Exhibit "A" and incorporated therein by said reference thereto.

4. That the said mittimus was issued by Edwin K. Walker, Esquire, United States Commissioner, in a certain proceedings instituted by Godfrey Haggard, Consul General of the Kingdom of Great Britain, on behalf of the Kingdom of Great Britain, under color of a treaty between the United States of America and the Kingdom of Great Britain upon the charge that John Factor, the husband of applicant, committed certain alleged crimes within the jurisdiction of the Kingdom of Great Britain.

5. That the said mittimus was served upon John Factor, the husband of applicant, first upon the 12th day of January, 1932, by H. C. W. Laubenheimer, United States Marshal for the Northern District of Illinois, Eastern Division, which said Marshal did, on said date, take the said John Factor into custody.

6. That on said 12th day of January, 1932, the said H. C. W. Laubenheimer, United States Marshal for the Northern District of Illinois, Eastern Division, was served with a writ of habeas corpus issued out of the said United States District Court for the Northern District of Illinois, Eastern Division, and did on said day produce the body of John Factor, the husband of applicant, before said United States District Court which, after hearing had, ordered the discharge of said John Factor from the detention and restraint ordered in and by said mittimus. Thereafter appeals were taken from said order of discharge so entered by the said United States District Court for the Northern District of Illinois, Eastern Division, on the 11th day of February, 1932, to the United States Circuit Court of Appeals for the Seventh Circuit, which, on the 15th day of October, 1932 (Laubenheimer v. Factor, 61 F.(2d) 626), reversed the order of the said District Court of the

United States discharging said John Factor from the restraint and detention ordered in and by said mittimus.

7. That thereafter, on, to-wit, the 20th day of March, 1933, the United States Supreme Court (Factor v. Laubenheimer, 289 U. S. 713, 53 S. Ct. 523, 77 L. Ed. 1467), granted certiorari to the United States Circuit Court of Appeals for the Seventh Circuit and did further on the 4th day of December, 1933 (290 U. S. 276, 54 S. Ct. 191, 78 L. Ed. 315), affirm the order of reversal of said United States Circuit Court of Appeals for the Seventh Circuit and did order the United States District Court for the Northern District of Illinois, Eastern Division, to reverse its order of discharge theretofore entered on said 11th day of February, 1932.

8. That the United States District Court for the Northern District of Illinois, Eastern Division, did on the 17th day of April, 1934, in pursuance to the mandate of the United States Supreme Court, reverse its order of discharge of said John Factor, the husband of applicant, which said order of discharge had been entered in said court on February 11, 1932, and the said H. C. W. Laubenheimer did on said 17th day of April, 1934, re-serve the said mittimus annexed hereto and marked Exhibit "A" by reading the same to and serving a copy thereof on John Factor, the husband of applicant, and did on said date take the body of John Factor, the husband of applicant, into custody in accordance with the provisions of said mittimus.

9. That on the 24th day of April, 1934, H. C. W. Laubenheimer, United States Marshal for the Northern District of Illinois, Eastern Division, did further execute said mittimus by delivering the body of said John Factor, the husband of applicant, to one Isaac George, as Sheriff and Keeper of the County Jail at DeKalb County, Illinois, located at Sycamore, Illinois, all as more specifically shown by the return of the said H. C. W. Laubenheimer, United States Marshal for the Northern District of Illinois, Eastern Division, contained and shown upon the said mittimus marked Exhibit "A" and annexed and incorporated in applicant's application for discharge of John Factor under the terms and provisions of section 654 of title 18 of the United States Code Annotated.

10. That the said John Factor, the husband of applicant, has been in the custody of said Sheriff and Jailer of and for DeKalb County, State of Illinois, and incarcerated in the DeKalb County Jail at Sycamore, Illinois, continuously since the said 24th day of April, 1934, and for a period in excess of two calendar months.

11. That said John Factor, the husband of applicant, has been continuously since the 17th day of April, 1934, detained and restrained of his liberty, and has continuously since the 24th day of April, 1934, been incarcerated by said Isaac George, as Sheriff and Keeper of the DeKalb County Jail located at Sycamore, Illinois, and is now so detained and restrained of his liberty and incarcerated in said jail. That under and by virtue of the terms and provisions of the United States Statutes in such case made and provided, the force and effect of said mittimus is now, by reason of lapse of time, void and is hereby held for naught.

12. That under and by virtue of the terms and provisions of the United States Statutes in such case made and provided, said John Factor, the husband of applicant, is now being unlawfully detained and restrained of his liberty and unlawfully incarcerated in the DeKalb County Jail in Sycamore, Illinois, and is in law entitled to be discharged and released from said jail and the custody and detention of said Isaac George, as Sheriff and Jailer of the DeKalb County Jail, in the State of Illinois, and that said John Factor is now confined in jail and deprived of his liberty in violation of the statutes of the United States of America.

13. That due notice of applicant's intention to make application for discharge of John Factor under the Terms and Provisions of section 654 of title 18 of the United States Code Annotated to this Court at ten-thirty o'clock A. M., Tuesday, June 26, 1934, was given to the Secretary of State of the United States of America by serving notice upon him, as required by statute, together with a copy of applicant's said application attached thereto, at Washington, D. C. in the forenoon on Saturday, June 23, 1934; that due notice of applicant's said intention was also given to Lewis Bernays, British Consul General at Chicago, Illinois, and Franklin R. Overmyer, his attorney, at Chicago, Illinois, on Saturday the 23rd day of June, A. D. 1934; and that due notice of applicant's said intention was also given to Isaac George, as Sheriff and Keeper of the DeKalb County Jail, at Sycamore, Illinois, on said 23rd day of June, A. D. 1934.

14. That said John Factor, the husband of applicant, is entitled, under the terms and provisions of section 654 of title 18 of the United States Code Annotated, to be discharged and released from the custody of

Isaac George, Sheriff and Keeper of the said DeKalb County Jail, situate at Sycamore, Illinois, and to be released from said Jail forthwith.

It is therefore ordered and adjudged that the said John Factor, the husband of applicant, be, and he is hereby, discharged and released from the custody of the said Isaac George, as Sheriff and Keeper of the DeKalb County Jail, situate at Sycamore, Illinois, and the Clerk of the United States Circuit Court of Appeals for the Seventh Circuit is hereby ordered to deliver unto the United States Marshal for the Northern District of Illinois, Eastern Division, a certified copy of this order. The said United States Marshal for the Northern District of Illinois, Eastern Division, is hereby ordered to serve said certified copy of this order upon Isaac George, as Sheriff and Keeper of the DeKalb County Jail, situate at Sycamore, Illinois, and to make return thereon, said certified copy of this order is the authority and order of this Court to the said Isaac George, as Sheriff and Keeper of the said DeKalb County Jail, situate at Sycamore, Illinois, to forthwith release the said John Factor from the said jail and from any and all custody whatsoever.